UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/respondent,

                                   CASE NO. 2:09-CR-20093
                                       2:10-CV-13770
v.                              CHIEF JUDGE GERALD E. ROSEN
                                  MAGISTRATE JUDGE PAUL KOMIVES

FREDERICK EUGENE BLACK,

    Defendant/movant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO VACATE SENTENCE (docket #60)

I.    <u>RECOMMENDATION</u>: The Court should dismiss as premature defendant's motion to vacate sentence. This dismissal should be without prejudice to petitioner refiling his § 2255 motion after his direct appeal is concluded. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II.    <u>REPORT</u>:

A.    *Procedural Background*

Defendant/movant Frederick Eugene Black is a federal prisoner. On January 13, 2010, defendant was convicted following a jury trial in this Court of one count of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). On April 19, 2010, defendant was sentenced to a term of 84 months' imprisonment. Defendant filed a notice of appeal to the Sixth Circuit on April 30, 2010. According to the Sixth Circuit's docket system, defendant's appeal remains pending in that court, docketed as Case No. 10-1601.

On September 21, 2010, defendant, through counsel, filed this motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In support of his motion, defendant contends that his trial counsel was

constitutionally ineffective for failing to call witnesses and admit evidence at the hearing on his motion to suppress evidence, and for advising defendant not to testify at trial. On November 5, 2010, the government filed a response, arguing that the motion should be dismissed as premature while defendant's direct appeal remains pending. For the reasons that follow, the Court should agree with the government and dismiss the motion without prejudice to defendant refiling the motion once his direct appeal has been concluded.

B.   *Analysis*

It is true that, because such claims may require development of matters outside the record, "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003). For this reason, the ordinary procedural default rules do not apply to ineffective assistance of counsel claims, and "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id*. Likewise, it is true that the pendency of a direct appeal does not deprive a district court of jurisdiction over a § 2255 motion. Nevertheless, because there is a potential for conflict, and because relief on appeal may obviate the need for consideration of a § 2255 motion, as a matter of judicial economy the courts have uniformly held that, absent extraordinary circumstances, "a defendant may not simultaneously pursue direct and collateral relief." *United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006); *see* Rule 5, advisory committee note, Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C foll. § 2255. The Sixth Circuit follows this rule. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) ("[I]n the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal."). Defendant's motion does not present an extraordinary circumstances justifying

2

departure from this rule. *See United States v. Armstrong*, No. 08-20461, 2010 WL 457470, at *1 (E.D. Mich. Feb. 9, 2010) (Cox, J.).

Accordingly, the Court should dismiss defendant's § 2255 motion as premature. Such a dismissal does not prevent defendant from seeking § 2255 relief after his direct appeal is concluded, because his ineffective assistance of counsel claims will not be procedurally barred, *see Massaro*, 538 U.S. at 504, and because a motion dismissed as premature does not trigger the statute barring successive petitions, *see Villanueva v. United States*, 346 F.3d 55, 60 (2d Cir. 2003).

C.  *Recommendation Regarding Certificate of Appealability*

    1.  *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of a § 2255 motion unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the movant is obviously less than the burden for establishing entitlement to § 2255 relief; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed

3

further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. foll. § 2255, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2255. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

   2.   *Analysis*

Where, as here, a motion is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the

4

case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486.

If the Court accepts the foregoing recommendation, petitioner cannot show the decision to dismiss his petition without prejudice is reasonably debatable. As explained above, the rule precluding simultaneous pursuit of appellate and collateral relief is well established and regularly followed by the courts of appeals, including the Sixth Circuit. Thus, resolution of this issue is not reasonably debatable. *See Gassaway v. United States*, No. 3:09CV-P510, 2009 WL 3764022, at *1 (W.D. Ky. Nov. 9, 2009) (denying certificate of appealability with respect to court's dismissal of § 2255 motion as premature). Accordingly, the Court should conclude that defendant is not entitled to a certificate of appealability.

D.   *Conclusion*

In view of the foregoing, the Court should dismiss as premature defendant's motion to vacate his sentence without prejudice to defendant refiling the motion after the conclusion of his direct appeal. If the Court accepts this recommendation, the Court should also deny defendant a certificate of appealability.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party

might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 11/16/10

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on November 16, 2010.

s/Eddrey Butts
Case Manager