# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FREDERICK E. BLACK,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 09-cr-20093
Hon. Gerald E. Rosen
Mag. R. Steven Whalen

## OPINION AND ORDER REGARDING
## DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     December 7, 2010

PRESENT: Honorable Gerald E. Rosen
               United States District Judge

## I. INTRODUCTION

Through the present motion [Dkt. #63], Defendant seeks his release pending appeal pursuant to 18 U.S.C. § 3143. The Government filed its response [Dkt. #66] on November 10, 2010, and Defendant has not filed a reply brief. Having reviewed the parties' briefs, as well as the remainder of the record, the Court finds that the pertinent allegations and legal arguments are sufficiently addressed in these materials, and that oral argument would not assist in the resolution of this motion. Accordingly, the Court will decide the motions "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below, Defendant's motion is denied.

On January 13, 2010, a jury found Defendant Frederick Black guilty in a one count indictment pursuant to 18 U.S.C. § 922(g)(1), *Felon in Possession of a Firearm*, for an offense which occurred on December 10, 2008. On April 19, 2010, this Court sentenced Defendant to imprisonment for a term of eighty-four months. Defendant timely filed a notice of appeal in the United States Court of Appeals for the Sixth Circuit on April 30, 2010, and Case No. 10-1601 was assigned. In addition, Defendant has filed a motion to remand with the Sixth Circuit, which was denied on November 29, 2010 [Dkt. #68]. Defendant also filed a petition for writ of habeas corpus pursuant to 18 U.S.C. § 2255, seeking to vacate his sentence based on a claim of ineffective assistance of counsel. The Court recently entered an order [Dkt. #69] dismissing Defendant's motion under § 2255, due to the pending direct appeal in the Sixth Circuit.

## II. ANALYSIS

When ruling on a motion to release pending appeal the Court looks at two factors. The governing statute provides:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or petition for a writ of certiorari, be detained, unless the judicial officer finds—
>     (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community . . . and
>     (B) that the appeal is not for the purposes of delay and raises a substantial question of law or fact likely to result in—
>         (i) reversal
>         (ii) an order for new trial
>         (iii) a sentence that does not include a term of imprisonment, or
>         (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal

process.

18 U.S.C. § 3143(b)(1). "This statute creates a presumption against release pending appeal." *United States v. Scherer*, No. 04-3560, 2004 WL 1462398, at *1003 (6th Cir. June 21, 2004); *United States v. Vance*, 851 F.2d 166, 168-69 (6th Cir. 1998) (citation omitted).

Here, Defendant adequately addresses the first factor, and the Government has not challenged Defendant's arguments regarding Defendant's flight risk or danger. The Government rather focuses its response on the second factor, which requires Defendant to raise a substantial question of law or fact in his appeal, which is likely to change the outcome of his jury trial. § 3143(b)(1)(B). Similar to his § 2255 motion to vacate, Defendant's appeal is based on a claim of ineffective assistance of counsel. The Court has been unable to substantively decide Defendant's § 2255 motion due to the pending appeal, and Defendant has not yet filed an appellate brief with the Sixth Circuit.

In the present motion, Defendant does not elaborate on his ineffective assistance of counsel claim, but rather simply states "Defendant-Appellant's claims of ineffective assistance of counsel are not sufficiently developed and require an evidentiary hearing be held." (Def.'s Mot. p. 17) Without further details to support the claim, and the Court being precluded from addressing the arguments in the § 2255 motion due to the pending appeal, the Court finds Defendant has failed to meet his burden in raising a substantial question of law or fact to defeat the presumption against release. Therefore, the Court is unable to evaluate whether Defendant's ineffective assistance of counsel claim is likely to change the outcome of the trial, as required by § 3143(b)(1)(B).

## III. CONCLUSION

For all the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's motion for release pending appeal pursuant to 18 U.S.C. § 3143 [Dkt. # 63] is DENIED.

SO ORDERED.

        s/Gerald E. Rosen
        Gerald E. Rosen
        Chief Judge, United States District Court

Dated: December 7, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 7, 2010, by electronic and/or ordinary mail.

        s/Ruth A.Gunther
        Case Manager
        (313) 234-5137