UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK EUGENE BLACK,

       Petitioner,

                                                                Case No. 09-cr-20093
v.                                                        Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

       Respondent.

_____/

**OPINION AND ORDER DENYING
PETITIONER'S MOTIONS TO VACATE HIS SENTENCE**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         June 26, 2014        

PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

## I. INTRODUCTION

In a verdict returned on January 13, 2010, a jury found Petitioner Frederick Eugene Black guilty of a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On April 19, 2010, the Court sentenced Petitioner to an 84-month term of imprisonment, and the Sixth Circuit Court of Appeals subsequently affirmed Petitioner's judgment of conviction. *See United States v. Black,* No. 10-1601, 448 F. App'x 594 (6th Cir. Jan. 20, 2012). Through a motion brought under 28 U.S.C. § 2255 and filed by attorney Marvin Barnett acting on his behalf, Petitioner now challenges his conviction and sentence on the ground that he was denied the effective assistance of trial

counsel as guaranteed under the Sixth Amendment to the United States Constitution.[1] In a second motion filed more recently by another attorney, Allison Folmar, and captioned a "motion for reconsideration," Petitioner points to another alleged deficiency in the performance of his trial counsel, and again asks that his sentence be modified or set aside.

In accordance with the Court's orders, the Government has filed responses in opposition to each of Petitioner's two motions. Having reviewed Petitioner's motions, the Government's responses, and the remainder of the record, the Court finds that oral argument would not assist in the resolution of Petitioner's motions, and that it is appropriate to decide these motions "on the briefs." *See* Local Rule 7.1(f)(2), Eastern District of Michigan.[2] For the reasons discussed below, the Court finds that Petitioner has failed to identify a basis in the record for questioning the performance of his trial counsel, nor has he demonstrated the need for an evidentiary hearing to further explore this issue of trial counsel's allegedly deficient performance.

## II. ANALYSIS

### A. The Standards Governing Petitioner's Motions

In support of his present motions challenging his conviction and sentence,

---

[1]This is the second § 2255 motion filed by Mr. Barnett on Petitioner's behalf. The first such motion was filed on September 21, 2010, but was dismissed without prejudice in a December 7, 2010 order, with the Court determining that this motion was prematurely filed while Petitioner's direct appeal of his conviction remained pending before the Sixth Circuit.

[2]Although this rule was enacted as part of the set of local rules governing civil suits, Local Criminal Rule 1.1 of this District provides that the local rules for civil cases apply as well to criminal actions.

Petitioner points to various occasions on which his trial counsel allegedly provided deficient representation, both during the pretrial proceedings and at trial. These challenges are governed by the familiar two-part standard articulated by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). "First, the defendant must show that counsel's performance was deficient," which entails a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064. Next, "the defendant must show that the deficient performance prejudiced the defense" through "errors . . . so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." 466 U.S. at 687, 104 S. Ct. at 2064.

The Supreme Court has emphasized that the *Strickland* "standard for judging counsel's representation is a most deferential one," and that "[s]urmounting *Strickland's* high bar is never an easy task." *Harrington v. Richter,* 131 S. Ct. 770, 788 (2011) (internal quotation marks and citation omitted). Under the first prong of this standard, "[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington,* 131 S. Ct. at 788 (internal quotation marks and citation omitted). In conducting this inquiry, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the

challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689, 104 S. Ct. at 2065 (internal quotation marks and citation omitted). Next, to satisfy the second prong of the *Strickland* standard, "[i]t is not enough for the defendant to show that [counsel's] errors had some conceivable effect on the outcome of the proceeding." 466 U.S. at 693, 104 S. Ct. at 2067. Rather, "[t]o show prejudice, the defendant must demonstrate that there exists a reasonable probability that, absent counsel's unprofessional errors, the results of the proceeding would have been different." *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998).

In furtherance of his claims of ineffective assistance of counsel, Petitioner calls upon the Court to conduct an evidentiary hearing at which he may seek to introduce evidence of his trial counsel's allegedly deficient performance. In addressing a motion brought under § 2255,[3] the Court must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28

---

[3]As noted earlier, the second of Petitioner's pending motions has been captioned as a "motion for reconsideration." Yet, no matter how Petitioner and his counsel might characterize this motion, the Sixth Circuit has emphasized that a motion in which a federal prisoner asserts one or more substantive claims for relief from a federal conviction or sentence is properly treated as brought under § 2255. *See Pilla v. United States,* 668 F.3d 368, 372 (6th Cir. 2012); *In re Nailor,* 487 F.3d 1018, 1021-22 (6th Cir. 2007); *Halliburton v. United States,* No. 02-5670, 59 F. App'x 55, 56-57 (6th Cir. Feb. 4, 2003). Here, Petitioner asks in his "motion for reconsideration" that the Court "re-open [his] case" and "modify [his] sentence" in light of the allegedly deficient performance of his trial counsel. (Petitioner's Motion for Reconsideration, Br. in Support at 5.) Plainly, this is a substantive challenge to Petitioner's judgment of conviction and sentence, and such a claim is properly construed as seeking relief under § 2255. Accordingly, the Court will treat Petitioner's "motion for reconsideration" as augmenting his initial § 2255 motion with an additional claim of ineffective assistance of counsel.

U.S.C. § 2255(b).  Yet, "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (internal quotation marks and citations omitted).  "To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255."  *Napier v. United States,* No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993).

**B.     Petitioner's Bare, Conclusory Allegations of Deficiencies in His Trial Counsel's Performance Do Not Provide a Basis for Relief Under § 2255, Nor Do They Warrant Further Exploration at an Evidentiary Hearing.**

In the present pair of motions, Petitioner evidently points to three instances in which his trial counsel allegedly failed to meet the standard set forth in *Strickland* for assessing the performance of counsel.  The Court considers each of these assertions in turn.

First, Petitioner suggests that he was denied the effective assistance of counsel when his trial counsel failed to call him as a witness at trial.  Yet, in Petitioner's direct appeal of his conviction, the Sixth Circuit expressly addressed and rejected this claim.  *See Black,* 448 F. App'x at 596.  As explained by the Court of Appeals, Petitioner's trial counsel "did not fail to call [Petitioner] to the witness stand; [rather, Petitioner] chose not to take the witness stand."  448 F. App'x at 596.  Consequently, the court found that Petitioner's counsel "provided competent representation" with respect to the question

whether Petitioner should have testified at trial.  448 F. App'x at 596.  Under the "law of the case" doctrine, this Court may not revisit the Sixth Circuit's resolution of this issue. *See Keith v. Bobby,* 618 F.3d 594, 599 (6th Cir. 2010); *DuPont v. United States,* 76 F.3d 108, 110-11 (6th Cir. 1996).

Next, Petitioner opines that his trial attorney denied him the effective assistance of counsel by failing to pursue a plea agreement with the Government, thereby depriving him of "an opportunity for acceptance of responsibility points assessed as a result of entering a plea." (Petitioner's § 2255 Motion, Br. in Support at 16.)  In support of this claim, however, Petitioner offers nothing beyond the vague and conclusory assertions of his present counsel that his trial counsel somehow performed deficiently in this regard. Nothing in Petitioner's present motions, nor in the record as a whole, addresses (or even alludes to) any of the pertinent factual questions bearing upon this claim of ineffective assistance, such as (i) whether any plea offers were made to Petitioner and his trial counsel, (ii) whether trial counsel made Petitioner aware of any such offers and discussed these offers with his client, or (iii) how Petitioner responded to any such offers.

Under similar circumstances, the Sixth Circuit and other courts have rejected ineffective assistance claims that rest solely upon conclusory, unsupported allegations of counsel's deficient performance.  In *Arredondo,* 178 F.3d at 780, 783, for instance, the petitioner faulted his counsel for allegedly failing to advise him of a plea offer made on the eve of trial, but the Sixth Circuit affirmed the dismissal of this claim for lack of

6

"admissible evidence that the plea offer occurred." Similarly, in *Ross v. United States,* 339 F.3d 483, 494 (6th Cir. 2003), the petitioner asserted that his counsel was "ineffective for failing to adequately meet with [him] during trial," but he "offer[ed] no citation to the record to support his conclusion." The court rejected this claim of ineffective assistance of counsel, explaining that "[a]n allegation entirely unsupported by the record cannot meet the prejudice component of the *Strickland* inquiry." *Ross,* 339 F.3d at 494; *see also Galbraith v. United States,* 313 F.3d 1001, 1008-09 (7th Cir. 2002) (affirming the district court's rejection of a claim of ineffective assistance of trial counsel, where the petitioner offered only his own "naked assertions" as to his counsel's deficient performance and "present[ed] no affidavit from himself or his trial counsel supporting his version of his attorney's conduct, nor any other available, probative evidence that would effectively support [his] claim"); *United States v. Aiello,* 814 F.2d 109, 113-14 (2d Cir. 1987) (explaining that "[a]iry generalities, conclusory assertions and hearsay statements will not suffice" to withstand the summary dismissal of a § 2255 motion "because none of these would be admissible evidence at a hearing"); *Wyniemko v. Smith,* No. 99-71560, 2000 WL 760704, at *4 (E.D. Mich. May 10, 2000) ("Conclusory allegations of ineffective assistance of counsel, without explanation or factual support, are insufficient to establish a constitutional issue.")

    In apparent recognition that the record does not support this claim of ineffective assistance of counsel, Petitioner argues that the Court should convene a hearing at which

he may seek the evidentiary support that presently is lacking. Indeed, as the Government observes, Petitioner expressly concedes in his initial § 2255 motion that his "claims of ineffective assistance of counsel are not sufficiently developed," and he calls for an evidentiary hearing in order to "determine ***if*** [his] trial counsel rendered deficient performance." (Petitioner's § 2255 Motion, Br. in Support at 14 (emphasis added); *see also id.* at 12 (characterizing one of the issues presented as whether Petitioner should be "granted an evidentiary hearing to determine ***whether or not*** [his] trial attorney was effective" (emphasis added)).) In Petitioner's view, then, an evidentiary hearing is needed in order to permit the Court to "assess the merits of [Petitioner's] claims of ineffective assistance of counsel." (*Id.* at 15.)

Once again, however, the pertinent case law demands a threshold showing beyond mere speculation or conclusory, unsupported allegations in order to warrant an evidentiary hearing. In particular, the Sixth Circuit has emphasized that "bald assertions and conclusory allegations do not provide sufficient ground[s] . . . to require an evidentiary hearing." *Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir. 2001); *see also Amr v. United States,* No. 06-1889, 280 F. App'x 480, 485 (6th Cir. June 2, 2008) (holding that an evidentiary hearing was "unnecessary" where there was "nothing in the record to indicate that [the petitioner] would have been able to prove his allegations" at such a hearing). And the law of other circuits is in accord on this point. *See, e.g., Kafo v. United States,* 467 F.3d 1063, 1067 (7th Cir. 2006) ("We have interpreted [§ 2255(b)] as

not requiring an evidentiary hearing when a petitioner's allegations are vague, conclusory, or palpably incredible . . . ." (internal quotation marks and citation omitted)); *United States v. Cervini,* 379 F.3d 987, 994 (10th Cir. 2004) ("District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim."); *David v. United States,* 134 F.3d 470, 478 (1st Cir. 1998) ("To progress to an evidentiary hearing, a habeas petitioner must do more than proffer gauzy generalities or drop self-serving hints that a constitutional violation lurks in the wings."). Rather, "[t]o be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255." *Napier, supra,* 1993 WL 406795, at *2; *see also Machibroda v. United States,* 368 U.S. 487, 495, 82 S. Ct. 510, 514 (1962) (holding that the petitioner in that case was entitled to an evidentiary hearing because his "motion and affidavit contain[ed] charges which [we]re detailed and specific"); *Galbraith,* 313 F.3d at 1009 ("[I]n order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner ha[s] actual proof of the allegations going beyond mere unsupported assertions." (internal quotation marks and citation omitted)); *Aiello,* 814 F.2d at 113 ("To warrant plenary presentation of evidence, the [§ 2255] application must contain assertions of fact that a petitioner is in a position to establish by competent evidence.").

To be sure, the burden borne by a § 2255 petitioner to obtain an evidentiary

hearing is not especially onerous. *See Smith v. United States,* 348 F.3d 545, 551 (6th Cir. 2003). Nonetheless, it is insufficient to merely assert in conclusory fashion that the requisite factual support, while not yet available, would likely be forthcoming at an evidentiary hearing. As the Sixth Circuit has observed, such "[c]ircular logic" would "entitle every habeas defendant to an evidentiary hearing on any issue," as a petitioner could simply claim in any case that he "could not make more than bald assertions precisely because he had not had an evidentiary hearing." *Bowling v. Parker,* 344 F.3d 487, 512 (6th Cir. 2003). The proffer made by Petitioner in this case fits this description to "T": Petitioner vaguely asserts that his trial attorney performed deficiently in failing to secure a plea offer from the Government, but he has failed to produce an affidavit or other evidence — or, indeed, even detailed allegations — that might support this claim of ineffective assistance of counsel. Under this record (or lack thereof), the case law defeats Petitioner's request for an evidentiary hearing as to his claim that his trial counsel failed to secure a plea agreement with the Government.[4]

---

[4]As the courts have observed, the requirement that a petitioner provide something more than conclusory allegations is not unreasonable or overly burdensome. "[L]est it sound like a formidable task" to identify a deficiency in counsel's representation, "we note that the sort of evidence usually employed in such cases begins with sworn affidavits attesting to the petitioner's allegations." *Galbraith,* 313 F.3d at 1009. Moreover, Petitioner's "former trial counsel [i]s not the only source" of such an affidavit; Petitioner "himself might have submitted a sworn affidavit recounting the facts" known to him concerning the conduct of his trial counsel in any pretrial plea discussions. *Galbraith,* 313 F.3d at 1010. Alternatively, Petitioner could have offered more detailed and specific allegations in support of his claim of ineffective assistance, and then attested under penalty of perjury that these allegations were true. *See Kafo,* 467 F.3d at 1069. "Given the very important concerns at stake" when counsel is accused of depriving his client of the constitutional guarantee of competent legal representation, the law "sensibly require[s] *some*

Finally, Petitioner asserts that his trial counsel provided deficient representation at a July 27, 2009 pretrial evidentiary hearing on Petitioner's motion to suppress evidence and at trial by failing to secure the testimony of a third police officer, Alfred Thomas, who was at the scene of Petitioner's December 10, 2008 arrest. The two other police officers at the scene, John McKee and John Baritche, testified at the pretrial hearing, and the Court credited the testimony of these two officers in denying Petitioner's motion to suppress. (*See* 9/11/2009 Op. at 7-8 & n.4.) In the more recent of his two pending motions, Petitioner asserts that Officer Thomas, if called as a witness at the pretrial hearing and at trial, would have testified (i) that, contrary to the testimony of Officers McKee and Baritche, the squad car used in the December 10, 2008 traffic stop of Petitioner's vehicle had a functioning video camera,[5] and (ii) that the video footage of the traffic stop refuted the testimony of Officers McKee and Baritche regarding the circumstances leading up to the officers' search of Petitioner's vehicle. Petitioner further asserts that if this Court were to hold an evidentiary hearing on his two pending motions,

---

threshold showing, however minimal, of an evidentiary basis before requiring a district court to undertake the task of evaluating the allegations and determining whether relief is warranted." *Kafo,* 467 F.3d at 1069. As explained, Petitioner here has failed to make this threshold showing.

[5]As noted by the Government, if Officer Thomas had taken the stand at trial and testified that this squad car had a functioning video camera, this testimony would have run counter to an activity log contemporaneously prepared by Officer Thomas and introduced by the Government at trial, in which Officer Thomas attested in writing that the squad car had no camera. In light of this evidence, the Government aptly observes that Petitioner's trial counsel could have determined as a matter of trial strategy that it would be best not to call Officer Thomas as a defense witness.

Officer Thomas would testify that he was available to testify at Petitioner's trial, contrary to the Government's claim at the time of trial that Officer Thomas was on furlough and was unavailable as a witness.

Once again, however, Petitioner's present submissions are devoid of any support whatsoever for his bare allegations that trial counsel performed deficiently in failing to secure the testimony of Officer Thomas. Given the statement in Petitioner's motion for reconsideration that Officer Thomas has purportedly "confirmed" that he would have been available to testify at Petitioner's trial, (Petitioner's Motion for Reconsideration, Br. in Support at 2), it presumably would have been a simple matter for Petitioner and his present counsel to obtain an affidavit from Officer Thomas attesting to this fact. Likewise, to the extent that Petitioner and his present counsel make generalized claims as to how Officer Thomas would have testified if called as a witness at the pretrial evidentiary hearing or at trial, they have failed to submit an affidavit, or cognizable evidence in some other form, that would support these bald assertions or provide additional details as to precisely what Officer Thomas's testimony would have disclosed. Instead, the Court is left to rely solely on the terse statements of Petitioner's present counsel in a motion and accompanying brief, offered without any citation to the record, and it is clear that such statements are not entitled to any evidentiary weight. *See United States v. Webb,* 616 F.3d 605, 610 (6th Cir. 2010).

As explained earlier, to avoid the summary disposition of his § 2255 motion and

12

"warrant plenary presentation of evidence," Petitioner must put forward "assertions of fact that [he] is in a position to establish by competent evidence." *Aiello,* 814 F.2d at 113. Yet, Petitioner has not made even a "minimal" threshold showing that his claims have the requisite "evidentiary basis" to warrant further inquiry. *Kafo,* 467 F.3d at 1069. Accordingly, the Court rejects Petitioner's third and final claim of ineffective assistance of trial counsel as impermissibly resting upon bare, conclusory allegations that lack any support in the record.

### III. **CONCLUSION**

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's motion under 28 U.S.C. § 2255 to vacate his sentence or for an evidentiary hearing (docket #74) is DENIED. IT IS FURTHER ORDERED that Petitioner's motion for reconsideration (docket #77), which is construed by the Court as asserting additional claims for relief under 28 U.S.C. § 2255, is also DENIED. Finally, in the event that Petitioner might seek to appeal any of the Court's rulings in the present opinion and order, the Court finds that a

certificate of appealability should be DENIED as to all of the claims asserted in Petitioner's pair of § 2255 motions for lack of a substantial showing of the denial of a constitutional right.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated:  June 26, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 26, 2014, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5135