UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK EUGENE BLACK,

    Petitioner/Appellant,

                                          Case No. 09-cr-20093
v.                                            Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

    Respondent/Appellee.

_____/

### ORDER DENYING PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL AND APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     November 12, 2014

PRESENT: Honorable Gerald E. Rosen
Chief Judge, United States District Court

By an opinion and order and corresponding judgment dated June 26, 2014, the Court denied Petitioner Frederick Eugene Black's motion under 28 U.S.C. § 2255 to vacate his sentence, as well as a motion for "reconsideration" that the Court construed as asserting additional claims for relief under § 2255. Petitioner has sought to appeal these rulings, but his *pro se* notice of appeal was filed on September 5, 2014, approximately ten days after the expiration of the 60-day deadline for commencing this appeal. *See* Fed. R. App. P. 4(a)(1)(B). Accordingly, through the present *pro se* motion filed on September 5, 2014, Petitioner requests pursuant to Fed. R. App. P. 4(a)(5)(A) that the Court extend this

usual 60-day limit for filing a notice of appeal, contending that he was "never served" with a copy of the Court's June 26, 2014 opinion and order, and that "the only way he discovered" the Court's June 26 ruling was through an August 18, 2014 order issued by the Sixth Circuit Court of Appeals dismissing Petitioner's request for a writ of mandamus. (Petitioner's 9/5/2014 Motion at 1.) In addition, Petitioner has filed an application for leave to proceed *in forma pauperis* on appeal.

Turning first to Petitioner's request for relief from the usual 60-day deadline for filing a notice of appeal, this request rests exclusively on the premise that the Clerk's Office for this District "fail[ed] to serve" Petitioner with a copy of the Court's June 26, 2014 opinion and order. (*Id.* at 2.) Yet, Petitioner neglects to mention that he was represented by not one but *two* attorneys in the § 2255 proceeding from which he now seeks to appeal. Petitioner's initial § 2255 motion was filed on his behalf by attorney Marvin Barnett, who first appeared as counsel for Petitioner on May 25, 2010, shortly after the entry of Petitioner's April 20, 2010 judgment of conviction. Petitioner's subsequent motion for "reconsideration" — which, as noted above, asserted an additional challenge to Petitioner's conviction and sentence, and thus was treated by the Court as "augmenting [Petitioner's] initial § 2255 motion with an additional claim of ineffective assistance of counsel," (6/26/2014 Op. at 4 n.3) — was filed on Petitioner's behalf by attorney Allison Folmar. Both of these two attorneys remain as counsel of record for Petitioner in the present § 2255 proceedings, and nothing in the record indicates that either of these attorneys has sought to withdraw from representing Petitioner.

Because Petitioner was (and remains) represented by counsel in these proceedings, the Clerk's Office cannot be charged with any "failure" to personally serve Petitioner himself with a copy of the Court's June 26, 2014 opinion and order.  Rather, under Fed. R. Civ. P. 77(d)(1), the Clerk of the Court was required to "serve notice of the entry" of the June 26 opinion and order "as provided in Rule 5(b)," and this latter Rule, in turn, mandates that "[i]f a party is represented by an attorney, service under this rule *must be made on the attorney* unless the court orders service on the party."  Fed. R. Civ. P. 5(b)(1) (emphasis added).  In accordance with these Rules, and as further dictated by Local Rule 5.1.1(b) of this District, Petitioner's two attorneys were timely and properly served with notice of the entry of the Court's June 26, 2014 opinion and order when this ruling was placed on the docket and a "Notice of Electronic Filing" ("NEF") was transmitted to Petitioner's counsel via this District's Electronic Case Filing ("ECF") system.

Petitioner fails to suggest any basis for believing that his two attorneys did not receive the NEF generated by the ECF system upon the entry of the Court's June 26, 2014 opinion and order.  Nor does he suggest any basis for this Court to conclude that *neither* of these two attorneys notified Petitioner upon learning that the Court had denied Petitioner's motions for relief under § 2255.[1]  Instead, Petitioner's request for additional

---

[1] The Court would not lightly assume that both of the attorneys representing Petitioner in these proceedings would fail to discharge their fundamental obligation to inform their client of a significant development in his case.  Rather, such a charge would have to be supported by evidence, and Petitioner has not made (or even promised) such a showing in his present motion.

time to file an appeal rests solely on the fact that he himself was "never served" with a copy of the June 26 opinion and order. (Petitioner's 9/5/2014 Motion at 1.) Because such service is not required under the applicable federal and local rules, the Court finds that Petitioner has failed to demonstrate the requisite "excusable neglect or good cause" that would warrant an extension under Fed. R. App. P. 4(a)(5)(A) of the usual 60-day period for filing an appeal.[2]

Next, Petitioner has filed an application requesting that he be permitted to proceed

---

[2]Even absent Petitioner's groundless claim of a "failure of service" as the basis for granting him additional time to pursue an appeal from the Court's June 26, 2014 ruling, the Court nonetheless would be inclined to conclude that Petitioner has failed to establish the requisite "good cause" for an extension. By his own admission, Petitioner was aware of the Court's June 26 ruling no later than August 22, 2014, (*see* Petitioner's 9/5/2014 Motion at 1), and the usual 60-day deadline for commencing an appeal had not yet expired at that point. Yet, rather than promptly filing a notice of appeal while this 60-day period remained open, Petitioner instead waited until September 2, 2014 — eleven days after purportedly learning of the Court's June 26 ruling, and roughly a week after the expiration of the 60-day deadline — to prepare and submit his present motion seeking an extension of the time to file an appeal. This lack of diligence seriously undermines any claim of "good cause" that might justify an extension under Fed. R. App. P. 4(a)(5)(A)(ii).

Moreover, there is still another reason to question Petitioner's claim that he first "discovered" that this Court had denied his § 2255 motion when he received a copy of the Sixth Circuit's August 18, 2014 order dismissing his mandamus petition. (Petitioner's 9/5/2014 Motion at 1.) During the mandamus proceeding, the Sixth Circuit issued a July 24, 2014 order (and mailed a copy to Petitioner) in which it invited this Court to file a response to Petitioner's mandamus petition indicating what action, if any, had been taken on the two motions filed with this Court by Petitioner and his counsel. In a July 31, 2014 response to the Sixth Circuit's order, this Court expressly stated that the two motions in question had been "resolved through an opinion and order and corresponding judgment entered by this Court on June 26, 2014." (Sixth Circuit Case No. 14-1616, Dkt. No. 6, 7/31/2014 Response.) Although the appellate record does not affirmatively establish that Petitioner was served with a copy of this Court's July 31, 2014 submission, the Court presumes that Petitioner would have received some sort of notice when this response was placed on the Sixth Circuit docket, and even a cursory review of this one-paragraph response would have alerted Petitioner to the existence of the Court's June 26 ruling while ample time remained for Petitioner to pursue a timely appeal of this ruling.

*in forma pauperis* ("IFP") on appeal. The Court finds that this request must be denied on a number of grounds. First, Petitioner's decision (and financial capacity) to retain not one but *two* attorneys to represent him in the present § 2255 proceedings — attorneys who, as noted earlier, remain as counsel of record and have not sought to withdraw from their representation of Petitioner — is strongly indicative of Petitioner's ability to pay the requisite filing fee for his desired appeal.[3] Next, while Petitioner is required to support his application for IFP status with an affidavit that (i) "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs," and (ii) "states the issues that the party intends to present on appeal," Fed. R. App. P. 24(a)(1), Petitioner has instead submitted a bare-bones affidavit that fails to make the detailed financial disclosures mandated in Form 4 and lacks any statement of the issues he wishes to pursue on appeal.[4] Finally, just as the Court concluded in its

---

[3]Notably, Petitioner also was represented by retained counsel at trial and on direct appeal. At the conclusion of his sentencing, Petitioner sought and was granted leave to pursue an appeal *in forma pauperis,* but this Court stated at the time that the appointment of counsel to represent Petitioner on appeal would be terminated through the "appearance of retained counsel." (5/6/2010 Order at 2.) As observed earlier, attorney Marvin Barnett entered his appearance as Petitioner's retained counsel shortly thereafter, (*see* 5/25/2010 Notice of Appearance), and Mr. Barnett continued to represent Petitioner throughout his direct appeal of his conviction, as well as in the current § 2255 proceedings.

[4]In applying for IFP status on appeal, Petitioner has submitted the form customarily used by litigants who seek approval under 28 U.S.C. § 1915 to commence a civil suit or pursue an appeal without prepayment of the usual fee. As the Sixth Circuit has explained, however, the terms of § 1915 "do not apply to cases or appeals brought under . . . § 2255," and a prisoner who wishes to appeal from an adverse ruling on a § 2255 motion without paying the required filing fee must instead make the showing demanded under Fed. R. App. P. 24(a)(1). *Kincade v. Sparkman,* 117 F.3d 949, 951-52 (6th Cir. 1997).

underlying June 26, 2014 opinion and order that a certificate of appealability should be denied "for lack of a substantial showing of the denial of a constitutional right," (6/26/2014 Op. at 14), the Court likewise determines that Petitioner's attempted appeal from this June 26 ruling is "not taken in good faith," Fed. R. App. P. 24(a)(3)(A), where the arguments advanced in Petitioner's underlying § 2255 motion and motion for "reconsideration" were insubstantial and lacking in both evidentiary and legal support, and where Petitioner has missed the deadline for timely pursuing an appeal from the Court's June 26 ruling and accompanying judgment.

Accordingly, for these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's September 5, 2014 motion for extension of time to file a notice of appeal (docket #88) is DENIED. IT IS FURTHER ORDERED that Petitioner's September 17, 2014 application to proceed *in forma pauperis* on appeal (docket #90) is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: November 12, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 12, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135